# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:15 CR 41-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| GILBERTO RODRIGUEZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#35) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his presentence release. At the call of this matter on May 18, 2016, it appeared that Defendant was present with his counsel, Jack Stewart, and the Government was present through AUSA David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report. The Government introduced, without objection, the Violation Report into evidence.

The Defendant was charged in a bill of indictment (#1) filed on June 2, 2015

1

with two counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1). A hearing was held in regard to the detention of Defendant on June 5, 2015 and on that date United States District Judge Max O. Cogburn, Jr. entered an Order releasing Defendant on a $100,000 unsecured bond (#5). Judge Cogburn further set conditions of release which included the following:

> (1)  The defendant must not violate any federal, state or local law while on release.
>
> (8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On April 25, 2016 Defendant tested positive for the use of methamphetamine.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

2

(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal and state crime while on release. The Defendant had to possess methamphetamine for him to have tested positive for the use and consumption of that substance. The possession and consumption of methamphetamine is a felony under state law, N.C.G.S. § 90-95(a)(3), and is a misdemeanor under federal law. 21 U.S.C. § 844 Due to the fact there is probable cause to believe that Defendant has committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has been shown by clear and convincing evidence that Defendant violated the condition of release that ordered that he refrain from use or unlawful possession of a narcotic drug unless prescribed by a licensed medical practitioner. The Defendant clearly violated this condition by using methamphetamine which is a controlled substance that is not prescribed by a licensed medical practitioner.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending sentencing and further proceedings in this matter.

Signed: June 3, 2016

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge