# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# DOCKET NO. 1:15-CR-00041-MOC-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>) |
| vs. | )<br>) **ORDER** |
| **GILBERTO RODRIGUEZ,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Compassionate Release, Doc. No. 78, and Motion to Appoint Counsel, Doc. No. 79. Defendant requests release based on the COVID-19 pandemic, his age, his conditions that may be exacerbated by COVID-19, and the need to take care of his ailing wife. See id. at 5–6. Defendant also notes that his "crime was non-violent," he has completed "over 70% of his sentence," and he has taken "prison programming classes to rehabilitate himself." Id. Still, Defendant has not indicated when or whether he asked the Bureau of Prisons to file a compassionate release request on his behalf.

By its terms, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Here, Defendant has not shown that he exhausted available administrative remedies by first asking the Bureau to file a compassionate release request on his behalf. The Bureau shares this Court's "desire for a safe and healthy prison environment." Id. at 597. Given the Attorney General's directive that the Bureau "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic,"

the Court is confident that the Bureau will speedily resolve Defendant's compassionate release request. Id. (quoting Memorandum from Attorney Gen. to Dir., Bureau of Prisons 1 (Mar. 26, 2020)). Because Defendant has failed to exhaust administrative remedies provided by the Bureau, the Court declines to exercise any discretion it may have to modify Defendant's term of imprisonment at this time. See, e.g., United States v. Vigna, No. 16-CR-786, 2020 WL 1900495, at *6 (S.D.N.Y. Apr. 17, 2020) (declining to address the exhaustion question and requiring a defendant to file a compassionate release request with the Bureau). And, for the same reason, the Court declines to appoint counsel at this time. Defendant may refile his motions after exhausting available administrative remedies.[1]

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release, Doc. No. 78, and Motion to Appoint Counsel, Doc. No. 79, are **DENIED.**

Signed: June 29, 2020

Max O. Cogburn Jr.
United States District Judge

---

[1] If Defendant chooses to refile his motion after exhausting available remedies, he should supply any supporting evidence that can offer, including evidence on his personal health, criminal history, disciplinary record in prison, and likely danger to the community if released.